# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No.: 1:18-cv-00731-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is in custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on May 24, 2018, challenging his conviction and seeking to vacate his sentence. Petitioner styles his pleading as a motion to reconsider or vacate pursuant to Federal Rules of Civil Procedure Rules 57 and 60(b)(4),(6), and as a petition for a writ under 28 U.S.C. § 1654, the All Writs Act. Because the Court is without jurisdiction, the Court will recommend that the instant petition be DISMISSED.

## BACKGROUND

On February 24, 2010, Petitioner was convicted by jury trial in the United States District Court for the Northern District of Texas of: 1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, and 100 kilograms or more of marijuana (21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2); and 2) two counts of using and carrying a firearm to

1

commit murder during and in relation to a drug trafficking crime, and aiding and abetting (18 U.S.C. §§ 2, 924(j)). See United States v. Cole, Case No. 5:09-CV-004-10-C.[1] Petitioner appealed to the Fifth Circuit Court of Appeal, and the judgment was affirmed on April 28, 2011. Id. Petitioner did not file a motion to vacate pursuant to 28 U.S.C. § 2255, claiming he was unable to meet time deadlines since his requests to his attorneys for records were ignored. (Doc. 1, p. 3.)

On May 24, 2018, Petitioner filed the instant initial case pleading entitled "Petition to Vacate." (Doc. 1.) He seeks reconsideration pursuant to Federal Rules of Civil Procedure, Rule 60(b)(4),(6). He also seeks to vacate his sentence under the All Writs Act, 28 U.S.C. § 1654.

## DISCUSSION

### I. Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of a district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

However, a motion for reconsideration must be made in the district court that entered the order or judgment challenged. In this case, that court is the United States District Court for the Northern District of Texas. This Court is without jurisdiction to reconsider a final order or judgment of another district court.

### II. All Writs Act and Habeas Corpus

Petitioner also seeks to bring his claims under the All Writs Act, 28 U.S.C. § 1654. "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). The Supreme Court has instructed that this source of federal power must only be used in "extraordinary circumstances." Kerr v. U.S. Dist. Court for the Northern Dist. of California, 426 U.S. 394, 403 (1976).

In this case, Petitioner is a federal prisoner challenging his conviction and sentence. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Thus, in this case, it is § 2255 and not the All Writs Act that is controlling.

The § 2255 motion, however, is not a petition for writ of habeas corpus, United States v. Hayman, 342 U.S. 205, 220 (1952), and federal prisoners are generally precluded from challenging their convictions and sentences by way of habeas corpus, 28 U.S.C. § 2255(e). The Supreme Court has explained that § 2255 "replaced traditional habeas corpus for federal prisoners (at least in the first instance) with a process that allowed the prisoner to file a motion with the sentencing court on the ground that his sentence was, inter alia, 'imposed in violation of the Constitution or laws of the United States.'" Boumediene v. Cush, 553 U.S. 723, 774-75 (2008) (citing Hayman, 342 U.S. at 207 n.1). Section 2255 "directed claims not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case." Id. at 775. Accordingly, in this case Petitioner's avenue for relief lies with a § 2255 motion in the United States District Court for the Northern District of Texas.

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or

because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Northern District of Texas, rather than an error in the administration of his sentence. Therefore, as noted above, the appropriate procedure would be to file a motion pursuant to § 2255 in the Northern District of Texas, not a habeas petition pursuant to § 2241 in this Court. Petitioner argues the remedy under § 2255 is unavailable because he failed to meet the time deadlines for filing said motion. Petitioner's argument is unavailing, because he has not demonstrated that he has not had an unobstructed procedural opportunity to present his claim, and he does not present a claim of actual innocence.

First, as previously discussed, the fact that a remedy under § 2255 may be procedurally barred does not render the remedy inadequate or ineffective. Aronson, 85 S.Ct. at 5. Petitioner makes no showing that his effort to file a § 2255 motion was obstructed. Rather, it appears he chose not to file a motion because he was not in possession of certain records. This argument is meritless because movants are not entitled to copies of transcripts prior to filing a § 2255 motion. United States v. Horvath, 157 F.3d 131 (2d Cir. 1998); Walker v. United States, 424 F.2d 278 (5th Cir. 1970). Moreover, the foundation for his claim, i.e., that the affidavit attached to the complaint contained the wrong date and address for the crimes, was known or should have been known to Petitioner at the time of trial. Thus, Petitioner has not shown that he was precluded from presenting his claims in a timely § 2255 motion, and therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

In addition, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 U.S. at 898. In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. <u>Lorentsen</u>, 223 F.3d at 954. In this case, Petitioner makes no claim of being actually innocent of the crimes. Rather, he takes issue with the affidavit that was initially attached to the complaint. He complains that it contains an incorrect address of where the offense occurred, "East Street, Big Spring, Texas" versus "E. Sixteenth Street, Big Spring, Texas." (Doc. 1 at pp. 6-7.) He also complains that the initial affidavit stated an incorrect date for the date of the crimes, to wit, "5-5-08" versus "5-4-08." (Doc. 1 at p. 7.) Neither argument meets the standard for establishing actual innocence of the crime.

Therefore, even if the Court were to construe his pleading as a § 2241 petition, he fails to invoke the escape hatch exception of § 2255. <u>Richardson v. United States</u>, 526 U.S. 813, 119 (1999). Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims, and Section 2241 is not the proper statute for raising Petitioner's claims. Whatever Petitioner styles his pleading as, be it a motion for reconsideration under Federal Rules of Civil Procedure Rule 60(b), a motion to vacate under Section 2255, or a petition for writ of habeas corpus under Section 2241, this Court is without jurisdiction and the case should be dismissed.

**ORDER**

the Court **ORDERS** that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 5, 2018**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE